DEC 2 2 2008

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Case No.: 1:08-cr-295 |
| AARON POSLEY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

On July 24, 2008, Defendant Aaron Posley pled guilty to Driving While Intoxicated (DWI) before United States Magistrate Judge Barry R. Poretz. It was Posley's fifth DWI offense since 1998. Magistrate Judge Poretz sentenced him to two years of probation with special conditions, including a six-month period of incarceration. Posley has appealed this sentence. The question raised on appeal is whether a court may sentence a probationer to a continuous term of imprisonment as a discretionary condition of probation under 18 U.S.C. § 3563(b). The Court holds that the sentence imposed in this case was reasonable and accorded with the statute. The Court therefore denies Posley's appeal and affirms his sentence.

I.  **Background.**

On February 17, 2008, Officer Cummiskey of the Pentagon Police Department stopped Posley upon observing an illegal left turn on Pentagon property. During the stop the officer determined that Posley was intoxicated and arrested him. He issued Posley six tickets for the following traffic violations: Improper Turn; Tags from Another Vehicle; Open Container of Alcohol in Vehicle; Driving While Intoxicated; and No Operator's License. After being transported to Court Liaison for processing, Posley submitted to an Intoxilyzer 5000 breath test,

which measured his Breath Alcohol Concentration (BAC) at .225 and .219, about three times the legal limit. This arrest would culminate in Posley's fifth DWI conviction since 1998.

On July 24, 2008, Posley appeared before U.S. Magistrate Judge Barry R. Poretz and pled guilty to one count of DWI in violation of 32 C.F.R. § 234.17(c)(1)(ii), a Class B misdemeanor, and one count of No Operator's License, in violation of 32 C.F.R. § 234.17 (assimilating VA. Stat. § 46.2-300). After considering the argument of both parties, with regard to the DWI, the magistrate judge sentenced Posley to a two year period of probation with special conditions. One of these conditions was a six month continuous term of imprisonment. On September 10, 2008, Posley filed a timely appeal arguing that the sentence, in particular the continuous term of incarceration, was not authorized by the statute and was unreasonable.[1] Following briefing, the Court heard oral argument on September 26, 2008. On November 25, 2008, the Court issued an order denying Defendant Aaron Posley's Motion for Bond Pending Resolution of Appeal (Dkt. No. 10) and Letter Motion For Bond Hearing (Dkt. No. 11).

## II.   Standard of Review.

Posley has appealed his sentence under 18 U.S.C. § 3402, which provides that "[i]n all cases of conviction by a United States magistrate judge an appeal of right shall lie from the judgment of the magistrate judge to a judge of the district court of the district in which the

---

[1] The magistrate judge also imposed the following conditions: (1) Posley shall enter and successfully complete an alcohol treatment program and shall participate in a substance abuse program with testing and treatment; (2) he may not operate a motor vehicle anywhere in the United States for one year; (3) during the second year of probation, if Posley obtained a valid operator's license, he may only operate a motor vehicle to travel to and from work and to and from court; and (4) he must install and maintain an ignition interlock device on any vehicle he owned or operated for a minimum of six months.

offense is committed." The scope of this appeal is identical to an appeal to the court of appeals from a judgment entered by a district court. *See* Fed. R. Crim. P. § 58(g)(2)(D).

### III. Discussion.

#### A. The statutory scheme.

The Code of Federal Regulations prohibits driving while intoxicated on federal property, *see* 32 C.F.R. § 234.17(c)(1)(ii), as well as driving without an operator's license on federal property. *See* 32 C.F.R. § 234.17. A DWI offense is a Class B misdemeanor under federal law, also known as a "petty offense." *See* 32 C.F.R. § 234.19; 18 U.S.C. § 19. Class B misdemeanors are punishable by no more than six months' imprisonment. 18 U.S.C. § 3559(a)(7).

In the Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-322, 108 Stat. 1796, 2096, Congress excluded petty offenses from the group of offenses qualifying for a period of supervised release under 18 U.S.C. § 3583(b)(3). Thus, supervised release is not permitted. *Id.* As a result of this change, probation became the vehicle by which a court can monitor a petty offense defendant's conduct after a conviction. Courts have authority to impose special conditions of probation under 18 U.S.C. § 3563, "Conditions of Probation." Section 3563(a) specifies "mandatory conditions" that must be part of every probationary sentence. Section 3563(b) enumerates twenty-three "[d]iscretionary conditions" that a court may impose "as further conditions of a sentence of probation." The statute requires that any discretionary condition of probation must be:

> ... reasonably related to the factors set forth in Section 3553(a)(1) and (a)(2) and ... involve only such deprivations of liberty or property as are reasonably necessary for the purposes indicated in section 3553(a)(2)."

3

18 U.S.C. § 3563(b). Thus, the only explicit statutory requirement for imposing a discretionary condition is that the condition be reasonably related to the Section 3553 factors.

Section 3553, "Imposition of a sentence," sets forth "factors to be considered in imposing a sentence." 18 U.S.C. § 3553. Section 3553(a)(1) provides that the court must consider "the nature and circumstances of the offense and the history and characteristics of the offense." Section 3553(a)(2) instructs that a sentencing court "shall consider . . . the need for the sentence imposed . . . (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(A)-(D). As such, any discretionary condition involving a deprivation of liberty must be reasonably necessary to promote respect for the law, punish, deter, and protect the public.

Resolution of this appeal depends upon the meaning of two discretionary conditions in Section 3563(b), subsections (b)(10) and (b)(22). Subsection (b)(10) requires that the defendant:

> "(10) remain in the custody of the Bureau of Prisons during nights, weekends, or other intervals of time, totaling no more than the lesser of one year or the term of imprisonment authorized for the offense, during the first year of the term of probation or supervised release." 18 U.S.C. § 3563(b)(10).

Subsection (b)(22), the "catchall provision," simply states that the defendant must "satisfy such other conditions as the court may impose[.]" 18 U.S.C. § 3563(b)(22).

**B.     The Magistrate Judge had the authority to impose a continuous term of**

**imprisonment as a discretionary condition of probation.**

Posley argues that subsection (b)(10) is the only statutory authority under which a court can order imprisonment as a probationary condition, and any term of imprisonment must be served in "intervals of time" as subsection (b)(10) requires.[2] Therefore the sentence of six straight months in prison was improper. The Court must disagree. Based upon the expansive language of subsection (b)(22), the structure of Section 3563(b), and, to the extent the statute is ambiguous, the pertinent legislative history – the Court concludes that the statute authorizes a sentence of continuous imprisonment.[3]

The Court begins with the language of subsection (b)(22), the catchall provision. This provision requires the defendant to "satisfy such other conditions as the court may impose." 18 U.S.C. § 3563(b)(22). On its face, the expansive language – in particular the unqualified phrase "such other conditions" and the phrase "court may impose" – seems to grant the sentencing court

---

[2] Posley's argument is supported by one case from this court, *see United States v. Sarpong*, Crim. No. 1:06-cr-12 (E.D. Va. Apr. 17, 2006), and one decision from a sister court, *see United States v. Anderson*, 787 F. Supp. 537, 539 (D. Md. 1992). In *Sarpong*, the court concluded that subsection (b)(10) was the exclusive means by which a court could impose a term of confinement as a probationary condition. For the reasons articulated herein, this Court respectfully disagrees with these decisions.

Moreover, the Court's decision does not conflict with *United States v. Weaver*, No. 1:07-cr-280 (E.D. Va. Sep. 17, 2007). In *Weaver*, the Court addressed whether a defendant could be sentence to both incarceration and probation under 18 U.S.C. § 3551(b), and observed in footnote 5 that a sentencing court may order intermittent imprisonment as a special condition of probation under 18 U.S.C. § 3563(b)(10). *Weaver* did not consider whether Section 3563(b)(22) authorized straight time as a special condition of probation, which is the issue before this Court.

[3] The Government argues that 18 U.S.C. § 3561(a)(3) permits a petty offense to be punishable by six months of straight incarceration followed by probation. The Court does not reach this issue, however, because Posley received six months of incarceration as a special condition of probation, which means that the sentence must fall under 18 U.S.C. § 3563(b).

unfettered discretion in crafting conditions of probation.[4] Although there is scant case law on this issue, courts in other jurisdictions have assumed that subsection (b)(22) allows the sentencing court to impose additional conditions. In *United States v. Bello*, for example, the Second Circuit observed that the Section 3563(b) sets forth a "nonexclusive list of 21 additional, 'discretionary' conditions . . . with room left for 'such other conditions as the court may impose.'" 310 F.3d 56, 60 (2d Cir. 2002).[5]

Posley argues that "the court cannot order under a catch-all provision what it cannot order under an enumerated provision." There are three problems with this argument. First, it is at odds with the plain language of the catchall provision. The adjective "other" modifying "conditions" indicates that a court may order conditions different from, or in addition to, those previously enumerated in paragraph (b). Black's Law Dictionary, 1101 (6th ed. 1990) (defining "other" as "different or distinct from that already mentioned; additional, or further"). Second, Posley's interpretation would render the catchall provision essentially superfluous. *Scott v. United States*,

---

[4] The preamble to Section 3563 requires that any discretionary conditions imposed must accord with the sentencing goals articulated in Sections 3553(a)(1) and (a)(2). For example, the conditions must be no more restrictive than necessary to deter criminal conduct, promote respect for law, and protect the public. *See* 18 U.S.C. § 3553(a)(2). The Court analyzes these factors below, *see infra*, Section III.C.

[5] *See also United States v. Leon*, 1999 WL 1217909, at *2 (9th Cir. 1999) ("Leon, however, overlooks that the list is not exclusive and specifically provides that the district court may require the defendant to 'satisfy such other conditions as [it] may impose'") (unpublished); *United States v. Proctor*, 2008 WL 2232649, at *1 (3d Cir. June 2, 2008) ("The conditions enumerated in § 3563(b)(23) are not exhaustive, however . . . § 3563(b)(22) notes that the sentencing court may require the defendant to 'satisfy such other conditions as [it] may impose,' provided that those other conditions are reasonably related to the § 3553(a) factors") (unpublished); *United States v. Gonzalez*, 1993 WL 362410, at *1-2 (S.D.N.Y. Sept. 13, 1993) ("Requiring [payments to offset the cost of confinement] as a condition of his sentence was authorized by 18 U.S.C. § 3563(b)(22), which grants courts wide discretion in imposing sentence upon probation violators.").

328 F.3d 132, 139 (4th Cir. 2003) ("Where possible, we must give effect to every provision and word in a statute and avoid any interpretation that may render statutory terms meaningless or superfluous.") (citing *Freytag v. Comm'r Internal Revenue*, 501 U.S. 868, 877 (1991)). If the only conditions allowed were those contained in the other provisions of paragraph (b), the catchall provision would have little purpose. Third, the placement of the catchall provision – at the end of the list of discretionary conditions – suggests that Congress added the catchall precisely to *avoid* the implication that it was precluding other conditions.[6] A general "maxim of statutory interpretation" provides that "the expression of one thing is the exclusion of another." Black's Law Dictionary 581 (6th ed. 1990) (defining *expressio unius est exclusio alterius*).[7] With the inclusion of the catchall at the end of the list, Congress made clear that it did not intend to limit a court's authority to order other conditions, as warranted.[8]

Construing the catchall provision to allow a term of continuous imprisonment also harmonizes the provisions of Section 3563(b). "A statute must be interpreted to give it the single, most harmonious, comprehensive meaning possible." *Food Town Stores, Inc. v. E.E.O.C.*, 708 F.2d 920, 924 (4th Cir. 1983) (citing *Weinberger v. Hynson, Westcott & Dunning*,

---

[6] As originally enacted, the catchall provision was twentieth in a list of twenty discretionary conditions. *See* S. Rep. No. 98-225, 1983 WL 25404, discussing 1984 version of 18 U.S.C. § 3563(b). Congress later amended Section 3563(b) to add subsection (b)(23).

[7] Furthermore, the Fourth Circuit has observed that "[v]enerable as it is, *expressio unius* should be applied warily." *I.N.S. v. Federal Labor Relations Authority*, 4 F.3d 268, 272 (4th Cir. 1993).

[8] As discussed further below, the Senate Committee Report resolves all doubt as to the reason Congress included the catchall provision. *See* S. Rep. No. 98-225, at 93 ("the [catchall provision] makes clear that the enumeration is suggestive only, and not intended as a limitation on the court's authority to consider and impose any other appropriate conditions").

412 U.S. 609, 631-32 (1973)); *see also Mowbray v. Kozlowski*, 914 F.2d 593, 598 (4th Cir. 1990) ("we must try to give full effect to each of the statutory provisions at issue").[9] If subsection (b)(10) were the only provision in Section 3563 under which a court could order imprisonment, it would lead to incongruities in the sentencing scheme. Subsection (b)(10) allows the sentencing court to order intervals of confinement "totaling no more than the lesser of one year or the term of imprisonment authorized for the offense." 18 U.S.C. § 3563(b)(10). Under Posley's reading of the statute, the sentence of six months' straight time was impermissible, but the court could have sentenced him under subsection (b)(10) to two three-month "intervals" with a weekend in between. In this case, however, such a sentence would have created an administrative burden. The prison would have had to process Posley for release and then return, and the probation office would have had institute a monitoring system for only a weekend. Furthermore, Posley would have been forced to incur travel expenses to and from the jail, and the community would have faced the potential danger of Posley free for a weekend with a return to prison imminent, which perhaps would have tempted him to re-offend. Obviously subsection (b)(10) allows a court to impose an interval sentence where it makes sense to do so, but reading the catchall provision to

---

[9] The Court does not mean to suggest that Posley's statutory construction produces absurdity. The Supreme Court has cautioned that courts "should employ th[e] canon [of avoiding absurd results] only 'where the result of applying the plain language would be, in a genuine sense, absurd, *i.e.*, where it is quite impossible that Congress could have intended the result ... and where the alleged absurdity is so clear as to be obvious to most anyone.'" *Small v. United States*, 544 U.S. 385, 404 (2005) (quoting *Public Citizen v. Department of Justice*, 491 U.S. 440, 470-471 (1989)). However, statutory provisions must be read to harmonize with other provisions, and an interpretation that resolves incongruities is to be preferred to one that does not. *Mowbray v. Kozlowski*, 914 F.2d 593, 598 (4th Cir. 1990) ("we must try to give full effect to each of the statutory provisions at issue"). The Court finds it doubtful that Congress intended to require intermittent confinement where straight time would be more reasonable, and this interpretation gives full effect to both subsection (b)(10), which allows flexibility in ordering confinement, and subsection (b)(22), which authorizes other conditions as warranted.

<tbody>
<tr><td></td></tr>
</tbody>

also allow continuous confinement makes the statute more congruous. *Food Town Stores*, 708 F.2d at 924; *Mowbray*, 914 F.2d at 598.

Moreover, to the extent there is any ambiguity in the statute, the legislative history of Section 3563(b) supports the Court's interpretation. *Yi v. Federal Bureau of Prisons*, 412 F.3d 526, 533 (4th Cir. 2005) ("Because the language of the statute is unclear, we may consult its legislative history as a guide to congressional intent") (citing *United States v. Rast*, 293 F.3d 735, 737 (4th Cir. 2002); *BedRoc Ltd., LLC v. United States*, 541 U.S. 176, 187 n.8 (2004)); *see also United States v. Langley*, 62 F.3d 602, 611 (4th Cir. 1995) (citing *Ratzlaf v. United States*, 510 U.S. 135, 149 (1994)). As originally enacted, the catchall provision was the last provision in Section 3563(b). The Senate Committee Report explained its purpose as follows:

> Proposed 18 U.S.C. § 3563(b) sets out optional conditions which may be imposed, the last of which makes clear that the enumeration is suggestive only, and not intended as a limitation on the court's authority to consider and impose *any other appropriate conditions.*

S. Rep. No. 98-225, at 93 (emphasis added).

Thus, Congress intended the provision to clarify that it was not intending to limit the court's authority to impose "any other appropriate conditions" of probation. Elsewhere the Report stated that "[section 3563(b)] lists *some* of the discretionary conditions that may be placed on a probationer's freedom ... *The list is not exhaustive, and it is not intended at all to limit the court's options* – conditions of a nature very similar to, or very different from, those set forth may also be imposed." S. Rep. No. 98-225, at *94-95 (emphasis added). Furthermore, the Report specified that a discretionary condition could encompass "a restriction of liberty" where the defendant requires "that level of punishment or incapacitation." *Id.* at 99. Congress therefore

contemplated that a court might impose "a restriction of liberty" that included "incapacitation" – such as imprisonment.

In sum, the Report reveals that Congress enacted Section 3563(b) to give courts a non-exclusive list of examples of probationary conditions, and included the catchall provision to ensure that courts' sentencing authority would not be proscribed in any manner. Contrary to Posley's assertions, this interpretation does not create an "exception that swallows the rule." Any conditions imposed under the catchall provision still must be reasonable, must not exceed the maximum punishment authorized by statute for the category of offense, and must accord with the sentencing factors articulated in Section 3553(a). But the Court concludes that so long as the sentence meets these criteria, it is permissible under the statute. The Court now turns to an application of the Section 3553(a) factors to the facts here.

### C. The sentence was reasonably related to the factors set forth in 18 U.S.C. § 3553(a).

To be lawful Posley's sentence must be "reasonably related to the factors set forth in 18 U.S.C. § 3553(a)(1) and (a)(2)." *See* 18 U.S.C. § 3563(b). Under 3553(a)(1), the court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Under 3553(a)(2), the court must consider whether the sentence reflects the seriousness of the offense, promotes respect for the law, provides just punishment, adequately deters, and protects the public from future crimes, and (where applicable) provides the defendant with needed training, medical care or correctional treatment. *See* 18 U.S.C. § 3553(a)(2)(A)-(D).

The magistrate judge considered the 3553(a) factors and Posley's personal history, including his anxiety disorder. He found that Posley posed a serious danger to the public due to a high probability that he would drive while intoxicated again.[10] Ultimately, the judge concluded that Posley should be incarcerated for the maximum period of six months:

> "I sentence you to six months in prison. I am going to protect the public from you. You are going to kill somebody, but not for a period of six months. I impose the maximum sentence. I hope you get the treatment you need, but it is not going to be at the expense of the public." Tr. at 15.

The Court holds that the sentence accorded with the Section 3553(a) factors, particularly given Posley's history of DWI offenses. This was Posley's fifth DWI conviction in less than ten years, and he re-offended despite having been on probation and receiving substance abuse testing and treatment on multiple past occasions. By his actions, Posley had demonstrated a profound lack of respect for federal and state laws prohibiting driving under the influence of alcohol. The magistrate judge correctly reasoned that a six month prison sentence could help him see the gravity of his illegal conduct. Thus, the sentence was just and promoted respect for the law. *See* 18 U.S.C. § 3553(a)(2)(A).

The sentence also reflected the seriousness of the offense. *See* 18 U.S.C. § 3553(a)(2)(A). Driving while intoxicated can kill, and Posley had been arrested with a breath

---

[10] At the hearing, the magistrate judge was unequivocal about the risk Posley posed to the public:

> "I understand [from] counsel's advocacy that you have a problem coping . . . But, quite frankly, to the people you are about to kill or hurt or make a widow or widower or orphan, they don't care. They don't care whether you can cope or not cope. They don't care whether you have a drinking problem or not. I am sensitive to that, but they don't care. They have to be protected and I am about to do that." Tr. at 14.

alcohol concentration about three times the legal limit, leaving no doubt he posed a serious risk to others on the road. The seriousness of driving while intoxicated is little disputed, despite its classification as a petty offense under the federal statute. Indeed, had Posley been arrested in Virginia instead of on Pentagon property, he faced a felony conviction with a mandatory one to five years imprisonment and a ten-year license revocation under the laws of the Commonwealth of Virginia. *See* VA. Code § 18.2-270. In other words, but for the fortuity of being arrested on federal property and charged under federal law, his prison sentence could have been up to ten times longer.

The sentence also sought to "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B). Because federal law classifies a DWI as a petty offense, the amount of prison time cannot exceed six months. *See* 18 U.S.C. § 3559(a)(7). For a repeat offender like Posley, who clearly poses a greater danger than a first time offender, this is a light sentence relative to state penalties for a comparable offense. Given his options, the magistrate judge's maximum sentence of six months imprisonment maximized deterrent value.

The Court also finds that the sentence was imminently necessary "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C). As articulated above, there can be no doubt that Posley was a serious danger to the community. Probationers still can drive on revoked licenses, as Posley's arrest in this case demonstrates, and blanket prohibitions on driving are difficult to monitor or enforce. Thus, the only way to ensure that he did not endanger the public was imprisonment. Accordingly, the Court finds this sentence both fair and reasonably related to protection of the public.

## IV. Conclusion.

Therefore the magistrate judge's sentence of six months of imprisonment without intervals of release was permitted by 18 U.S.C. § 3563(b) and reasonable under 18 U.S.C. § 3553(a). It is hereby ORDERED that Posley's appeal is denied and his sentenced is affirmed.

**Entered this 22 day of December, 2008.**

**Alexandria, Virginia**

/s/
Liam O'Grady
United States District Judge